**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER JAVIER JASSO, | No. 15-17234 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-00802-JD |
| v. | |
| GREG LEWIS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,[**] District Judge.

California state prisoner Alexander Jasso appeals the district court's denial

of his habeas petition challenging his conviction for attempted murder. We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Even assuming that the prosecutor's reference to California case law in his closing statement was a constitutional error, the state court of appeal's determination that the error was harmless beyond a reasonable doubt was not contrary to, or an unreasonable application of, *Chapman v. California*, 386 U.S. 18 (1967). *See* 28 U.S.C. § 2254(d)(1). The state court reasonably relied on the strength of the evidence against Jasso, *see Arizona v. Fulminante*, 499 U.S. 279, 307–08 (1991), which included evidence of Jasso's gang membership[1] and his perception that Alejandro Múñoz was in a rival gang, that Jasso initiated the confrontation with Múñoz and pulled out a gun, and that Jasso chambered a round in the gun. Given that Jasso's only explanation was that he had fired the gun accidentally, the state court was not objectively unreasonable in concluding that the strength of the evidence rendered the prosecutor's references to California Supreme Court and Court of Appeal decisions on intent harmless beyond a reasonable doubt, particularly in light of the trial court's subsequent clarifying instructions to the jury on the relevant legal standards for intent.

---

[1] Although Jasso contests the strength of the evidence of gang membership on appeal, we note that the jury found Jasso guilty of gang-benefit enhancements and gang-related street terrorism, and both the state courts and district court rejected Jasso's sufficiency of the evidence challenges to those findings. The district court and this Court likewise denied a certificate of appealability on those claims. *See* 28 U.S.C. § 2253(c)(2).

Nor has Jasso established that the state court's harmlessness analysis was based on an unreasonable determination of fact. *See* 28 U.S.C. § 2254(d)(2). First, even if the state court incorrectly characterized Jasso's "self-serving statements" about where he intended to fight Múñoz, the state court's decision was not "based on" a misstatement of fact because the court discounted those statements as being self-serving. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). Second, the state court's statement that Jasso "fired a round with sufficient accuracy that it penetrated a window" was factually correct, as it was undisputed that the bullet hit the window. Third, to the extent that the state court made a factual finding that the evidence showed that Jasso was motivated by gang rivalry, rather than a dispute between Múñoz and Jasso's neighbor, an appellate panel could "reasonably conclude that the finding is supported by the record." *Id.* (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *abrogated in part on other grounds*, *Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014)). Finally, the state court was not "required to address every jot and tittle of proof suggested to [it], nor . . . 'make detailed findings addressing all the evidence before [it].'" *Taylor*, 366 F.3d at 1001 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 347 (2003)). Here, the fact section of the state court's opinion sets out the very

3

evidence that Jasso contends it omitted, and there is no indication that the state court did not consider this evidence in its analysis.

Because Jasso has not shown that the state court's decision was objectively unreasonable under 28 U.S.C. § 2254(d)(1) or (d)(2),[2] Jasso is not entitled to habeas relief, and we need not reach the question whether Jasso "can establish that [the claimed trial errors] resulted in actual prejudice." *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) (internal quotation marks omitted) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

**AFFIRMED.**

---

[2] To the extent that Jasso argues that the cumulative effect of additional alleged prosecutorial errors "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted), we deny the request made in his reply brief to expand the certificate of appealability, because Jasso has not made a "substantial showing" that the state court's decision was contrary to, or an unreasonable application of *Darden*. *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting 28 U.S.C. § 2253(c)(2)).